UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT HEALTH AND HUMAN SERVICES<br>200 Independence Ave., SW<br>Washington, D.C. 20201,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:25-cv-1103 |

**COMPLAINT**

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Health and Human Services ("DHHS") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel DHHS's compliance with FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical

conduct to all public servants. PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5. Defendant DHHS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DHHS has possession, custody, and control of records responsive to Plaintiff's FOIA request.

**STATEMENT OF FACTS**

6. On April 19, 2023, PPT submitted a FOIA request to DHHS's Food and Drug Administration ("FDA") requesting records related to communications regarding the public health tradeoffs/costs-benefits of adults using ENDS (attached as Exhibit A).

7. The Request (Exhibit A) requested:

a. Records of communications related to the public health tradeoffs/costs-benefits of adults using ENDS to quit combustible products against the potential public health harms that youth who use ENDS will acquire a lifelong addiction from September 1, 2022 through December 31, 2022; and

b. Search terms including:

- Scientific integrity
- Politicization
- Political interference
- Logic
- Menthol
- e-cigarettes
- Vaping
- Juul
- Flavored products
- Combustible products
- Electronic Nicotine Delivery Systems
- Lifelong addiction
- Incomplete data

- Illegal products
- Premarket review
- Tobacco Products Scientific Advisory Committee
- State of the science
- Application review
- Youth addiction
- Youth adoption

8. Request A seeks documents in the public's interest because it will help the public's understanding of FDA's compliance with its own mission and responsibilities and shed light on the public health tradeoffs of adults using electronic cigarettes.

9. On July 11, 2023, FDA acknowledged receipt of the Request (Exhibit A) and assigned it FOIA Control Number 2023-5934 (attached as Exhibit B).

10. On July 26, 2023, FDA initiated an email chain with PPT. FDA confirmed it was examining PPT's Request. On August 2, 2023, FDA proposed a methodology to identify responsive records and PPT agreed to the methodology to move forward. On October 3, 2023, PPT requested a status update on the Request and FDA stated it was still processing the Request (a copy of the email chain is attached hereto as Exhibit D).

11. As of the date of filing, PPT has not received any further communication regarding the records from Request A.

12. DHHS has still not made any determinations with regard to PPT's FOIA Request despite over 722 days having elapsed. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DHHS has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

13. DHHS has thus violated its FOIA obligations.

14. Because DHHS has failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

24. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. PPT's DHHS request discussed above was properly submitted for records within the possession, custody, and control of DHHS.

26. DHHS is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

27. DHHS is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

28. DHHS's failure to provide all non-exempt responsive records violates FOIA.

29. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DHHS to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

A) Assume jurisdiction in this matter and maintain jurisdiction until DHHS complies with the requirements of FOIA and any and all orders of this Court.

B) Order DHHS to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

D) Grant PPT other such relief as the Court deems just and proper.

Dated: April 11, 2025 Respectfully submitted,

PROTECT THE PUBLIC'S TRUST

By Counsel:
/s/ Karin M. Sweigart

Karin Moore Sweigart
D.D.C. Bar ID: CA00145
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
KSweigart@Dhillonlaw.com

Jacob William Roth
D.D.C. Bar ID: 1673038
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

*Counsel for the Plaintiff*